IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANNY WAYNE DONALDSON**, | Case No. 2:12-cv-00080-SU |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **GARY L. WILLIAMS, et al.**, | |
| Defendants. | |

**SIMON, District Judge**.

On November 2, 2012, this Court issued an opinion and order adopting Magistrate Judge Patricia Sullivan's Findings and Recommendations, Dkt. 52, and dismissing this action for lack of subject matter jurisdiction. Dkt. 59. On the same day, the court entered a judgment dismissing this action as to all Defendants. Dkt. 60.

After the court entered its judgment, Defendants Williams, Thompson, Lipscomb, Ahern, Neilson, Bonkosky, and Hillman moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) "to add language finding no just reason for delay concerning the effectiveness of the judgment." Dkt. 63. Defendants' motion is premised on Fed. R. Civ. P. 54(b), which permits a district court to enter a "final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Rule 54(b) "applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal

whenever it determines that there is no just reason for delay." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Rule 54(b) is not applicable here because the Court's November 2, 2012, judgment applies to all parties and all claims in this case. Defendant's motion to alter or amend the judgment is, therefore, denied.

In addition, Plaintiff has filed two motions since the Court entered the judgment. Dkts. 62 and 68. The Court construes these motions as motions to alter or amend the judgment pursuant to Rule 59(e) and for relief from a final judgment under Rule 60(b). The Court may alter or amend its judgment pursuant to Rule 59(e) "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (internal quotation marks and citation omitted). Relief from a final judgment under Rule 60(b) is available in the event of:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff's motions fail to meet the requirements for relief under either Rule 59(e) or Rule 60(b). For the reasons set forth in Judge Sullivan's Findings and

Page 2 – OPINION AND ORDER

Recommendations, this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff's motions, Dkts. 62 and 68, are denied.

## CONCLUSION

Defendants Williams, Thompson, Lipscomb, Ahern, Neilson, Bonkosky, and Hillman's motion to alter judgment, Dkt. 63, is **DENIED**. Plaintiff's motions to dismiss, Dkt. 62, and motion for reconsideration, Dkt. 68, are **DENIED**.

IT IS SO ORDERED.

Dated this 8th day of January, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge